**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**ALLENTOWN DIVISION**

**CASE NO.:  5:26-cv-03474**

MARCO VERCH,

                Plaintiff,

v.

LUCILLE BONDI INSURANCE
SOLUTIONS, LLC and LBIS, LLC,

                Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this

Complaint against Defendants LUCILLE BONDI INSURANCE SOLUTIONS, LLC AND

LBIS, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive

rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's

original copyrighted Work of authorship after removal of his copyright management information

("CMI").

2.      Marco Verch is a photographer from Cologne, Germany. He has been working as

a photographer for many years and enjoys taking pictures of scenery from his travels, sporting

events, food, flowers, cars, drones and more. He also takes photos for advertisements and

fundraising campaigns.

3.      Defendant LUCILLE BONDI INSURANCE SOLUTIONS, LLC ("Bondi Insurance") is a health insurance agency focused on helping older adults navigate their Medicare options with clarity and confidence. Based in Pennsylvania, the company specializes in Medicare Supplement plans, as well as additional coverage options such as dental, vision, and final expense insurance.  At all times relevant herein, Bondi Insurance owned and operated the Facebook account "Lucille Bondi Insurance Solutions" located at the internet URL www.facebook.com/BondiSeniorSolutions (the "Bondi Insurance Facebook Page").

4.      Defendant LBIS, LLC ("LBIS") is, upon information and belief, the alter-ego entity of Bondi Insurance.

5.      Defendants Bondi Insurance and LBIS are collectively referred to herein as "Defendants".

6.      Verch alleges that Defendants copied Verch's copyrighted Work from the internet in order to advertise, market and promote their business activities.  Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.      Defendants are subject to personal jurisdiction in Pennsylvania.

10.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

2

## DEFENDANTS

11.    Lucille Bondi Insurance Solutions, LLC is a Pennsylvania Limited Liability Company, with its principal place of business at 453 Main Street, Harleysville, PA, 19438, and can be served at its principal place of business.

12.    LBIS, LLC is a Pennsylvania Limited Liability Company, with its principal place of business at 453 Main Street, (Rear), Harleysville, PA, 19438, and can be served at its principal place of business.

## THE COPYRIGHTED WORK AT ISSUE

13.    In 2021, Golib Tolibov created the photograph entitled "April fools day surprise - shoelaces tied together, calendar, party mask and sweet candies on white background," which is shown below and referred to herein as the "Work."



14. Verch is the owner of the Work by written agreement.

15. Verch registered the Work with the Register of Copyrights on April 9, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-254-210. The Certificate of Registration is attached hereto as **Exhibit 1**.

16. Verch makes his Work available via CCnull.de and a Creative Commons 2.0 License.

17. Verch published the Work on or about February 15, 2021, by displaying it on CCNull at the internet URL https://ccnull.de/foto/april-fools-day-surprise-shoelaces-tied-together-calendar-party-mask-and-sweet-candies-on-white-background/1017215. Attached hereto as **Exhibit 2** is a true and correct copy of the Work on CCNull.

18. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

19. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

20. Verch's display of the Work on CCNull also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

21. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

---

[1] https://creativecommons.org/licenses/by/2.0/

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

22.     At all relevant times Verch was the owner of the copyrighted Work.

### INFRINGEMENT BY DEFENDANTS

23.     Defendants have never been licensed to use the Work for any purpose.

24.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

25.     On or about May 30, 2023, Verch discovered the unauthorized use of his Work on the Bondi Insurance Facebook Page.

26.     Defendants copied Verch's copyrighted Work without Verch's permission.

27.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their insurance business.

28.     Defendants copied and distributed Verch's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

29.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 3**.

30.     Verch never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

31.     Verch notified Defendants of the allegations set forth herein on October 23, 2025, and December 8, 2025.  To date, Defendants failed to respond to any communications.

32.     When Defendants copied and displayed the Work, Defendants failed to provide attribution as required by the CC 2.0 license.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

33. Defendants' failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

34. Verch never gave Defendants permission or authority to remove CMI from the Work.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

35. Verch incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Verch owns a valid copyright in the Work.

37. Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

39. Defendants performed the acts alleged in the course and scope of its business activities.

40. Defendants' acts were willful.

41. Verch has been damaged.

42. The harm caused to Verch has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

43. Verch incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

44. Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

6

45. Defendants have a direct financial interest in the infringing material because they derive profits from the Bondi Insurance Facebook Page displaying the infringed Work.

46. Despite having the ability to stop the infringed Work from being displayed on its Website, Defendants allowed the materials to remain up for display.

47. To the extent that the actions described above were performed by the third-party alone, Defendants are vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

48. Verch has been damaged.

49. The harm caused to Verch has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

50. Verch incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

51. The Work at issue in this case requires attribution and contains CMI.

52. Defendants knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on Defendants' Website, without any of the attributions in violation of 17 U.S.C. § 1202(b).

53. Defendants distributed the Work to the Website knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

54. Defendants committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

55. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

56. Verch has been damaged.

57. The harm caused to Verch has been irreparable.

**COUNT IV**
**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**

58. Verch incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

59. The Work contains false CMI.

60. Defendants knowingly and with the intent to enable or facilitate copyright infringement, added CMI, the LBIS logo to the center to the Work in violation of 17 U.S.C. § 1202(a).

61. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Verch's rights in the Work protected under the Copyright Act.

62. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

63. Defendants applied their own false CMI upon the Work.

64. After applying the false CMI to the Work, Defendants published the Work in violation of 17 U.S.C. § 1202(a).

65. Verch has been damaged.

66. The harm caused to Verch has been irreparable.

8
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against the Defendants LUCILLE BONDI INSURANCE SOLUTIONS, LLC and LBIS, LLC that:

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b.      Defendants be required to pay Verch his actual damages and Defendants' profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.      Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Verch be awarded pre- and post-judgment interest; and

e.      Verch be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Verch hereby demands a trial by jury of all issues so triable.

Dated: May 20, 2026                    Respectfully submitted,


                                       /s/  Joseph A. Dunne
                                       JOSEPH A. DUNNE
                                       Bar Number: 325562
                                       joseph.dunne@sriplaw.com

                                       **SRIPLAW, P. A.**
                                       41 Madison Avenue
                                       25th Floor
                                       New York, New York 10010
                                       929.200.8446 – Telephone
                                       561.404.4353 – Facsimile

                                       *Counsel for Plaintiff Marco Verch*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE